## Case No. 2,741.

### CITY BANK OF RACINE v. BABCOCK.

[Holmes, 180.][1]

Circuit Court, D. Rhode Island. Nov., 1872.

POWER OF SALE BY PLEDGEE — CONDITION PRECEDENT—WAIVER BY ACT OF PLEDGOR.

1. Where the giving of a certain notice is made the condition precedent of the execution of a power of sale, and performance of the condition has been rendered impossible by the act of the party for whose benefit it was made, the power may be executed without the giving of the notice.

---

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

2. Certain bonds were pledged by a bank as security for the performance of an agreement between the bank and the pledgee, and the pledgee was empowered to sell the bonds in case of breach of the agreement by the bank, on thirty days' notice to it of the intended sale, and credit the proceeds on a debt due from the bank. The bank afterwards failed, closed its place of business, and thereafter transacted no business, and had no office nor acting officers; and did not perform the agreement. About three years afterwards, the pledgee sold the bonds in good faith at their market value, without notice to the bank. *Held*, that the giving of the notice had been rendered impossible by the act of the bank, and that neither the pledgee nor its agent in the sale was liable for a conversion of the bonds.

C. Hart, for plaintiff.

B. R. Curtis and S. Curry, for defendant.

SHEPLEY, Circuit Judge. This is an action of trover, commenced by the plaintiff corporation, as trustee of Alfred W. Davison, for the alleged conversion of thirty-five bonds, each for the sum of one thousand dollars, with the interest coupons unpaid thereon, issued by the Racine and Mississippi Railroad Company; and for five bonds of the town of Rockton, in the state of Illinois, of one thousand dollars each; and a certain real-estate mortgage, specially described in the declaration. The conversion is alleged to have taken place on the thirty-first day of October, 1862. Defendant pleads nul tiel corporation, and also the general issue; and issue is joined upon both pleas.

The bonds of the town of Rockton, and the real-estate mortgage which was sold under a decree of court, need not be considered in this case, the conversion relied upon by the plaintiff being of the thirty-five bonds of the Racine and Mississippi Railroad Company.

It appears from the evidence that these bonds were pledged by the City Bank of Racine to the Phenix Band of Westerly, R. I., to secure the performance of a certain contract between the parties, and the payment of a note given by the City Bank to the Phenix Bank, for the sum of twenty thousand dollars, dated Oct. 1, 1856.

This contract was subsequently modified by a supplemental agreement, dated the third day of October, 1859, extending the payment of the principal sum to the third day of June, 1861, with interest to be paid semi-annually on the first days of October and April in each year. By the terms of the agreement, upon the failure of the City Bank of Racine to perform the conditions of the contract, or to pay the note or interest at maturity, the Phenix Bank had the right, upon giving thirty days' notice to the City Bank, to sell the securities at the Merchants' Exchange in the city of New York, or elsewhere, and credit the proceeds thereof, after the payment of all expenses thereon, to the indebtedness of the City Bank of Racine.

The City Bank of Racine failed, and closed its doors in the fall of 1859. Previous to its failure it had its office and place of business in the city of Racine. After its failure it had no office or place of business, and since that time has not transacted any business as a bank in any public manner.

On the 1st of October, 1859, a draft given to the Phenix Bank for the semi-annual interest due on that day was duly protested, and since that time no payment has been made of principal or interest by the bank.

On the 31st of October, 1862, the defendant, as president and agent of the Phenix Bank, sold the bonds of the Racine and Mississippi Railroad in the city of New York to Richard Irvin & Co., for the sum of $13,948.34, being twenty-five per cent. of the amount due on the bonds and interest coupons to that date.

No notice was given to the City Bank of the time and place of sale. The sale in other respects appears from the evidence in the case to have been made in good faith. The bonds were sold for their full market value at the date of sale. The purchasers of the bonds, representing a large amount of the other outstanding bonds of the road, purchased the balance, and subsequently, by the expenditure of large amounts of their own funds, extended and completed the unfinished and unproductive and insolvent railway which was mortgaged to secure the bonds, and thereby made that available as a security which had comparatively little value before, and thus greatly advanced the value of the bonds. But the evidence entirely fails to show that there was any collusion or unfairness or want of good faith at the time of sale, or that there was any sacrifice of the securities at a rate below their then market value.

The proceeds of the sale were duly credited on the indebtedness of the City Bank of Racine. After applying the proceeds of this sale, and of a subsequent sale made under a decree of court of the other securities, there still remained a large balance due to the Phenix Bank.

No tender has ever been made of payment of the debt, nor any action taken of any kind until after the lapse of many years, and after the additional value had been given to the bonds by the expenditures made by the purchasers.

The claim of the City Bank of Racine was subsequently transferred to Davison. The present action is brought in the name of the bank, for his benefit, against the president of the Phenix Bank. Plaintiff claims that by effecting the transfer and sale of the bonds as agent of the Phenix Bank, without notice to the City Bank of Racine, the defendant was liable for a conversion of the bonds, and for the highest price at which the bonds could have been sold prior to the commencement of the action, and that he is not entitled to offset the claim of the Phenix Bank against the City Bank of Racine.

On the plea of nul tiel corporation, the defendant contends that by the provisions of

the statutes of Wisconsin, in force at the time of the failure of the plaintiff corporation, that corporation, by continuing insolvent for one year after its failure, and by suspending for three years thereafter its ordinary and lawful business as a banking corporation under the laws of Wisconsin, had thereby surrendered its rights and privileges as a corporation before the commencement of this action, and was and is incapable of prosecuting this suit. The provisions relied upon in the statutes of Wisconsin are not now in force, and during their existence do not appear to have ever received any judicial construction by the supreme court of the state of Wisconsin. In the view taken by the court, it becomes unnecessary to decide this question. In the opinion of the court, the defendant cannot be held to have converted the bonds by reason merely of the omission to give notice of the time and place of sale, under the state of facts proved in this case.

The Phenix Bank held the bonds in pledge, with a power to sell in case of failure to perform the contract. There was coupled with the power of sale a condition for the benefit of the pledgor, that the pledgee should give thirty days' notice before the sale. The performance of this condition became impossible by the act of the party for whose benefit it was made. For years before the sale (if the bank had any corporate existence, which is at least doubtful), it certainly had no place where, or acting officers upon whom, notice could have been served.

"It is a rule common to all conditions of obligations, that they be taken to be accomplished when the debtor who is obliged under such condition has prevented its accomplishment. 'Quicunque sub conditione obligatus curaverit ne conditio existeret, nihilominus obligatur.'" 1 Evans, Poth. 212; 2 Evans, Poth. 38; Hotham v. East India Co., 1 Term R. 638.

Mr. Justice Washington, in the case of Williams v. Bank of the United States, 2 Pet. [27 U. S.] 102, states the rule thus: "If a party to a contract, who is entitled to the benefit of a condition upon the performance of which his responsibility is to arise, dispense with, or by any act of his own prevent, the performance, the opposite party is excused from proving a strict compliance with the condition."

The rule is one of general application. Wherever a precedent act is to be performed at a particular time or place, if the precedent act be a notice, and the party to whom the notice should be given has, by his absence, prevented it, if he be absent from the state, and has no known agent to receive it, and has no place of residence or business which reasonable diligence could discover, the law dispenses with the necessity of giving regular notice, and will not permit him to set up the non-performance of the condi-

tion as a bar to the liability imposed upon him by the contract.

The question whether the agent who acted merely as agent between the bank and the purchasers in effecting the transfers, and had no possession except as agent without any claim of title, should be held liable for a conversion, is one upon which there was great difference of opinion in the minds of the learned judges in the case of Fowler v. Hollins, L. R. 7 Q. B. 616; but we are not called upon to decide that question in this case, for we are clearly of opinion that the sale of the bonds upon the facts of this case did not constitute a conversion for which the Phenix Bank would have been liable, if the action had been brought directly against the bank.

Judgment for defendant.